IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x

SHAUN HARRINGTON

                    Plaintiff,                                CIVIL ACTION NO

vs.                                                        COMPLAINT

BARTON & GRAY MARINERS CLUB, LLC,        JURY TRIAL DEMANDED

                  Defendant.                              JUNE 6, 2022

---------------------------------------------------------------x

## COMPLAINT

The Plaintiff SHAUN HARRINGTON by and through his attorneys, BERLINGIERI LAW, PLLC, as and for his Complaint in this action against the Defendant BARTON & GRAY MARINERS CLUB, LLC, respectfully alleges upon information and belief as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by federal and state law, and complains for causes of action of: (i) discrimination based on religion under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"); (ii) retaliation under Title VII; (iii) discrimination based on religion under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.* ("CEFPA"), (vi) retaliation under CEFPA; (iv) wrongful discharge in violation of public policy as articulated in *Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 475 (1980); (v) breach of the covenant of good faith and fair dealing; and (vi) any other claims(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4. This Court has jurisdiction as this case involves a Federal under Title VII of the 1964 Civil Rights Act, 42 U.S.C.§ 2000e *et seq* as amended, , 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. This Court has supplemental jurisdiction under the State laws of Connecticut. This Court has supplemental jurisdiction over Plaintiff's related claims arising under CEFPA and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b).  The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of his employment, and Defendant was and is located in this District.

7. Plaintiff filed claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about November 9, 2022, against Defendant Barton & Gray Mariners Club LLC, (CHRO Case No. 2240182 – EEOC No. 16A-2021-00196).

8. On April 27, 2022, the EEOC, issued Plaintiff a Notice of Right to Sue annexed hereto as **Exhibit A**.

9. On March 9, 2022, the CHRO issued Plaintiff a Release of Jurisdiction, annexed hereto as **Exhibit B**.

## THE PARTIES

10. Plaintiff Shaun Harrington was and is a resident of the State of Connecticut at all relevant times herein.

11. Defendant Barton & Gray Mariners Club LLC ("Defendant") is a limited liability company formed under the laws of the Commonwealth of Massachusetts, headquartered in 200 Ladd

Street, Unit 200, Portsmouth, NH 03801, with a business address in Connecticut, located at 75 Frontage Road, North Stonington, CT 06359.

## BACKGROUND FACTS

12. Defendant operates luxury yacht rentals and boating services to the public along the East Coast.

13. Defendant was and is an employer within the meaning of the CEFPA and Title VII.

14. Defendant employed Plaintiff as an Inventory Specialist commencing on or about May 10, 2021 until on or about November 2, 2021 at Defendant's North Stonington, Connecticut facility.

15. Plaintiff's religion is Christian.

16. Plaintiff disclosed to Defendant that he was a person of faith.

17. Plaintiff maintains sincerely held religious beliefs that do not allow him to be vaccinated.

18. Plaintiff is unvaccinated from the COVID-19 virus and refuses to take the vaccine due to his sincerely held religious beliefs but would use a mask and submit to weekly testing as a feasible alternative.

19. In or around August 2021, Defendant announced that it would be mandating the COVID-19 vaccine for all of its employees.

20. On September 28, 2021, Plaintiff submitted a religious accommodation request form to Defendant, requesting an accommodation based on his sincerely held religious beliefs for an exemption to the COVID-19 vaccine and to be able to wear a mask and submit weekly COVID-19 tests.

21. Plaintiff explained to Defendant in his religious accommodation request in part that "I ama spiritual person. I believe in the higher self and a bigger being than any of us. That power

3

gave us free will to pick and choose free will. We are all given this inalienable right to determine what is good for us individually."

22. On September 29, 2021, Defendant sent Plaintiff a letter that placed Plaintiff on unpaid leave starting on October 1, 2021 and denied his religious accommodation request without explanation to Plaintiff.

23. Plaintiff emailed Defendant's Human Resources and Talent Acquisition representative Elizabeth Mitchell Briggs ("Ms. Briggs") on October 21, 2021, to inquire with Defendant whether he could return to work unvaccinated with an accommodation to wear a mask and submit weekly COVID-19 tests to Defendant.

24. Plaintiff specifically asked Ms. Briggs "Hi E [Ms. Briggs], I was trying to reach out to you one last time to see if my request to take a Covid-19 test and mask will be sufficient enough to come back to work. I don't understand why my request was denied since it was held on a sincerely held religious belief. Please let me know when you have received an answer. Thank you, Shaun Harrington [Plaintiff]" by email on October 21, 2021.

25. Ms. Briggs failed to engage in an interactive process with Plaintiff on October 21, 2021 and merely stated "Shaun, Thank you for reaching out. I know this is a tough time for everyone. Unfortunately, due to the growth of B&G, we are not a small company anymore and have to keep our policies consistent across the entire organization that protects our employees, staff and Members. Please reach out if there is any change in your vaccination status. Elizabeth."

26. Defendant failed to accommodate Plaintiff's religious request for accommodation.

27. Defendant failed to engage in an interactive process with Plaintiff regarding his religious accommodation request.

28. Plaintiff explained that he would use a mask and would provide weekly COVID-19 tests to Defendant, in addition Plaintiff's job duties required him to work alone without interaction with the public on the boats and take inventory of items on the boat and replenish the missing quantities for Defendant.

29. Plaintiff posed no increased risk to Defendant's employees or customers as an unvaccinated person, because despite the COVID-19 vaccine, fully vaccinated individuals can still contract and pass and become infected with COVID-19 at similar rates than unvaccinated individuals.

30. Plaintiff engaged in protected activity by requesting a religious accommodation request.

31. In Plaintiff's October 21, 2021 email to Ms. Briggs, Plaintiff engaged in protected activity under Title VII and CEFPA by complaining to Ms. Briggs about how he was being treated unfairly due to Defendant's enforcement of their COVID-19 vaccine policy as it pertained to the denial of his religious accommodation request despite Plaintiff's request being based off of sincerely held religious belief.

32. On November 2, 2021, Ms. Briggs terminated Plaintiff's employment.

33. Defendant was harsh and hostile to Plaintiff on the basis of his religious beliefs.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to

his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

36. Defendant the employer Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing discrimination based on race/color, sex/gender, prior complaints and causing a hostile work environment.

37. The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

40. The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of the employer Defendants.

41. The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN FOR THE THIRD CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION
### OF CONN. GEN. STAT. § 46a60(A)(1)

42. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. Plaintiff was treated in a disparate manner in the terms and conditions of his employment, on the basis of religion and prior complaints.

44. The employer Defendants' conduct is unlawful and in violation of CFEPA.

45. As a result of the employer Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

46. Plaintiff seeks damages as a result of Defendants' unlawful conduct.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION
### OF CONN. GEN. STAT. §46a-60(a)(4)

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. Plaintiff engaged in protected activity under the CFEPA by complaining to Defendant about harassment and discrimination.

49. Defendant created a hostile work environment due to Plaintiff's employment because of his prior complaints.

50. The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful discrimination.

51. The Defendant's actions violate CFEPA.

52. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (as to the employer Defendant Only)

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. As described above, Plaintiff was constructively discharged because he complained about being singled out because he was unvaccinated after he was denied his religious accommodation request .

55. Plaintiff's termination was wrongful because it is against public policy as it imposed no undue burden on the Defendant to allow Complainant to work with a mask and weekly testing.

56. Defendant also contends that the rigid enforcement of their COVID-19 policy with no exception was due the fact that Defendant is not a "small company anymore" and not because of legitimate public policy reason.

57. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

## AS AND FOR THE SIXTH CAUSE OF ACTION BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. The contractual relationship between the plaintiff and defendant included an implied covenant of good faith and fair dealing.

60. Based on said Covenant, Plaintiff has a reasonable expectation that the Defendant employer would treat the Plaintiff fairly and perform its obligation with fairness and good faith.

61. Defendant's bad faith impeded the plaintiff's ability to either perform his duties of employment or avail herself of the full benefits of employment.

62. The Defendant engaged in bad faith, as a consequence of agents and employees having engaged in retaliation, discrimination, harassment and creating and maintaining a hostile work environment.

63. By virtue of the defendant's actions, Plaintiff has been denied the reasonable opportunity to perform his obligation under his at-will contract for employment with the defendant.

64. Defendant offered Plaintiff in bad faith to submit a request for religious exemption to their COVID-19 vaccine policy with no intention of ever granting any religious accommodation requests or Plaintiff's request to mask and test to continue his employment.

65. Defendant's COVID-19 policy was enforced as a way to root Complainant out of his job – not for any demonstrable or legitimate counter measure for ensuring public health or safety.

66. It is undisputed that the COVID-19 vaccines (and boosters) that are availble have a low efficacy rate to stop the spread or prevent infection and do not decrease the risk of infection.

67. The bad faith acts of the Defendant as alleged do not represent legitimate business decisions.

68. The terms of employment did not permit the Defendant 's actions and omissions with respect

to the Plaintiff's employment.

## DEMAND FOR A JURY TRIAL

69. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal; and state laws;

B.    Awarding Plaintiff compensatory damages;

C.    Awarding Plaintiff punitive damages;

D.    Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

E.    Pre-judgment and post-judgment interest, as provided by law; and

F.    Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
       Monday, June 6, 2022

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ.
(ct 30335)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.: (347) 766-5105
Fax:  (914) 730-1044
Email: cjb@nyctlaw.com